UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE DIXON,

                          Plaintiff,

            -against-

MAZDA FINANCIAL SERVICES, INC.,

                          Defendant.

21-CV-8920 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Eugene Dixon, who resides in Houston, Texas, brings this action *pro se*.[1]

Plaintiff sues Mazda Financial Services, Inc. He asserts that Defendant has offices at "6400 Main

Street, Suite 200," but he fails to provide the city and state.[2] Plaintiff alleges that he leased a

vehicle from Defendant, and that Defendant "has repossessed the Plaintiff's vehicle and

committed theft." (ECF No. 1 at ¶ 21.) Plaintiff asserts that Defendant violated his rights under

"the Fair Credit Reporting Act, the Fair Credit Billing Act, the Fair Dept Collection Practice[s]

Act, the Truth in Lending Act, 15 U.S.C. § 1666[,] and Regulation Z issued thereunder." (*Id.* at

¶ 1.) For the following reasons, the Court transfers this action to the United States District Court

for the Southern District of Texas, Houston Division.

## DISCUSSION

Under the general venue provision, a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a

---

[1] Plaintiff filed this action on October 29, 2021, via the Court's temporary filing mailbox.
Plaintiff did not submit a request to proceed *in forma pauperis* (IFP), and to date, the $402 in
fees – a $350.00 filing fee plus a $52.00 administrative fee – have not been paid.

[2] A review of Defendant's website reveals the complete address of 6400 Main Street,
Suite 200, Amherst (Erie County), New York 14221.
*See* https://www.mazdafinancialservices.com/us/en/contact-us.html.

> substantial part of the events or omissions giving rise to the claim
> occurred . . . ; or (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in which any defendant is
> subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled, and a defendant corporation generally resides "in any judicial district in

which such defendant is subject to the court's personal jurisdiction with respect to the civil action

in question . . ." 28 U.S.C. § 1391(c)(1), (2). Where a state has more than one judicial district, a

defendant corporation generally "shall be deemed to reside in any district in that State within

which its contacts would be sufficient to subject it to personal jurisdiction if that district were a

separate State." 28 U.S.C. § 1391(d).[3]

Even if venue is proper here, the Court may transfer claims "[f]or the convenience of the

parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad

discretion in making determinations of convenience under Section 1404(a) and notions of

convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v.

Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own

initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at

*1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that

the burdens of litigation that is unrelated to the forum that a party chooses are not imposed

unreasonably on jurors and judges who have enough to do in determining cases that are

appropriately before them. The power of district courts to transfer cases under Section 1404(a)

*sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d

---

[3] In a state with multiple districts, if there is no such district, "the corporation shall be
deemed to reside in the district within which it has the most significant contacts." 28 U.S.C.
§ 1391(d).

70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. While it is unclear whether Defendant is subject to personal jurisdiction in this district, it is clear that the United States District Court for the Southern District of Texas, Houston Division, is a proper venue for this action. *See* §§ 124(b)(2), 1391(b)(2). Plaintiff resides in Houston, Texas. It is likely therefore that the events giving rise to Plaintiff's claim occurred in that judicial district, and that the relevant documents and witnesses are also located there.

To the extent Plaintiff asserts claims under the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA), venue also appears proper in the Southern District of Texas, Houston Division. Under § 1391(b)(2), in actions brought under the FDCPA, the claim arises in the location where the collection agency mails a collection notice or places a

phone call. *See, e.g.*, *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867-68 (2d Cir. 1992). Under § 1391(b)(2), in actions brought under the FCRA, the claim arises where the harm occurred. *See, e.g.*, *New York Mercantile Exch. v. Central Tours Int'l, Inc.*, No. 96-CV-8988, 1997 WL 370600, at \*4 (S.D.N.Y. July 1, 1997) ("The place where the harm occurred is . . . relevant for venue purposes."); *see also Williamson v. American Mastiff Breeders Council*, No. 08-CV-336, 2009 WL 634231, at \*7 (D. Nev. Mar. 6, 2009) ("If a harm suffered by a plaintiff is felt in a specific place, then that place is one where the actions giving rise to the claim or occurrence happened.").

Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Southern District of Texas, Houston Division. *See* § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Texas, Houston Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:     November 1, 2021
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge